Stuart Price, Esq. (SBN:150439)
Price Law Group, APC
15760 Ventura Boulevard, Suite 800
Encino, CA 91436
Tel: 818-907-2030
stuart@pricelawgroup.com
*Attorneys for Plaintiff*
*Arlene B. Fisher*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLENE B. FISHER,<br><br>  Plaintiff,<br><br>  v.<br><br>SYNCHRONY BANK and ALLIED INTERSTATE, LLC,<br><br>  Defendant(s). | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>  1. **TCPA, 47 U.S.C. § 227**<br>  2. **RFDCPA, Cal. Civ. Code § 1788**<br>  3. **FDCPA 15 U.S.C. § 1692d**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Arlene B. Fisher ("Plaintiff"), through her attorneys, alleges the following against Defendants, Allied Interstate, LLC and Synchrony Bank (collectively referred to as "Defendant" or "Defendants"):

//

//

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692d, which prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

## JURISDICTION AND VENUE

4. Jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)* in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

6. Defendants transact business here; personal jurisdiction is established.

## PARTIES

7. Plaintiff is a natural person residing in the County of San Bernardino, State of California.

8. Plaintiff is a debtor as defined by *Cal. Civ. Code § 1788.2(h).*

9. Defendant Allied Interstate, LLC, is a creditor engaged in the business of debt collection with its principal place of business located in New Albany, Ohio. Defendant can be served with process in 7525 W Campus Road, New Albany, OH 43054-1121.

10. Defendant Synchrony Bank ("Synchrony") is a creditor engaged in the business of giving loans with its principal place of business located in Draper, Utah. Defendant can be served with process at 170 West Election Road, Suite 125, Draper, UT 84020.

11. Defendants are debt collectors as that term is defined by Cal. Civ. Code §1788.2(c).

12. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

13. Defendants are attempting to collect a debt from Plaintiff.

14. In or around September of 2016, Defendant Synchrony began placing calls to Plaintiff on her cellular phone number (661) 466-8043, in an attempt to collect an alleged debt.

15. The calls placed by Defendant Synchrony mainly originated from (937) 534-2103, (866) 408-4070; (866) 771-1104; (330) 433-5919 and (678) 517-2061.

16. On or about September 16, 2016, at 3:38 p.m., Plaintiff answered a collection call from Defendant Synchrony; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system; Plaintiff spoke with Defendant's representative from telephone number (937) 534-2103.

17. Defendant Synchrony informed Plaintiff that it was attempting to collect a debt relating to her Walmart Synchrony account.

18. Plaintiff unequivocally revoked consent to be called any further. Despite Plaintiff's request not to be contacted, Defendant Synchrony continued to call Plaintiff.

19. On or about September 17, 2016, at 10:24 a.m., Plaintiff answered a collection call from Defendant Synchrony; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone

dialing system; Plaintiff spoke with Defendant's representative from telephone number (866) 771-1104.

20. Defendant Synchrony informed Plaintiff that it was attempting to collect a debt relating to her Amazon Synchrony account.

21. Plaintiff, for the second time, unequivocally revoked consent to be called any further. Despite Plaintiff's request not to be contacted, Defendant Synchrony continued to call Plaintiff.

22. In or around November 2016, Defendant Allied Interstate began placing calls to Plaintiff's cellular phone number (661) 466-8043, in an attempt to collect the above referenced Walmart account on behalf of Defendant Synchrony.

23. The calls placed by Defendant Allied mainly originated from (480) 824-0725; (704) 998-2426; (980) 500-7123; (716) 515-0087; (281) 254-8216; (843) 998-6271; (805) 242-7461 and (763) 486-1772.

24. Between September 16, 2016 and December 29, 2016, Defendant Allied called Plaintiff no less than two hundred and fifty (250) times.

25. Defendant Allied Interstate called Plaintiff six (6) times on November 1, 2016; six (6) times on November 2, 2016; twelve (12) times on November 21, 2016; and nine (9) times on December 2, 2016.

26. Many times when Plaintiff answered calls from Defendant Allied Interstate, there was a pre-recorded message or no person on the phone.

27. Plaintiff's phone would often ring up to twelve (12) times a day with calls from Defendant Allied Interstate. The calls not only induced stress, but also anxiety that her work would be affected in a negative manner due to the daily incessant calls to her cellular phone.

28. Plaintiff works at Bank of America and the interruptions caused by Defendants placed Plaintiff in a compromising position, requiring her to answer questions from her superiors concerning the calls.

29. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

## COUNT I
**Defendant EGS and Synchrony's Violations of the TCPA, 47 U.S.C. § 227**

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. Defendants violated the TCPA. Defendantss violations include, but are not limited to the following:

   a) Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made

for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b) Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

32. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
**Defendants EGS and Synchrony's Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788**

23. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

24. Defendants violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

    a) Defendant violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

    b) Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

        i. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

        ii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

      iii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

25. Defendants' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

26. As a result of the foregoing violations of the RFDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## COUNT III
### Defendants EGS' Violations of the Fair Debt Collection Practices Act, FDCPA 15 U.S.C. § 1692d

23. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

24. Defendants violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt; and

    b. Defendant violated § 1692d(5), which prohibits debt collectors from causing a telephone to ring or engaging any person in telephone

conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

25. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

26. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and attorney's fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Arlene B. Fisher, respectfully requests judgment be entered against Defendants for the following:

A. Declaratory judgment that Defendants violated the RFDCPA and FDCPA;

B. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices act, Cal. Civ. Code §1788.30(b) and 15 U.S.C. 1692k;

C. Actual damages pursuant to Cal. Civ. Code §1788.30(b) and 15 U.S.C. 1692k(a)(1);

D. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code §1788.30(c);

E. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: March 21, 2017         By:*/s/ Stuart Price*
Stuart Price, Esq.
15760 Ventura Blvd., Suite 800
Encino, CA 91436
Tel: 818-907-2030
stuart@pricelawgroup.com
Attorneys for Plaintiff